## 39361. SANDERS v. THE STATE.

Hill, Chief Justice.

Bobby Aldum Sanders was convicted of murdering his wife and sentenced to life in prison. He appeals.

Bobby and Carolyn Sanders had been married for 3 1/2 to 4 years and lived with the victim's three children by a former marriage in a trailer in Uvalda, Georgia. On August 14, 1981, the victim went to find the defendant at a local beer joint to ask him for some money. He replied: "Well, I'm coming home" and they both went back to their trailer. When the defendant's stepdaughter came home from visiting a friend about 8:00 p.m., she found the defendant sitting at the table, talking harshly, cursing and fussing at his wife, while slipping his pistol in and out of his pocket with his right hand. The victim was standing at the counter writing a note.

The daughter asked what was the matter and the victim replied: "He's been beating on me again." The defendant answered: "No,

every G.D. weekend this happens." The defendant then took his pistol out of his pocket and shot the victim. She grabbed herself over her left breast, and started out the back door. He said: "G.D. you, you're not going to get away from me this time." The stepdaughter tried to pull him back, but when they got outside, the victim had fallen to the ground. While his stepdaughter pleaded with the defendant, he said: "I'm going to go with her" and shot the victim again, lay down beside her, took off his hat and shot himself in the head. The note the victim had been writing said: "Teresa, Kenny, Greg. Remember that I love you all with all my heart."

The victim died of the second gunshot wound through her heart; the defendant recovered from his head wound, but has no memory of these events and suffers some permanent brain damage. A special plea of insanity based on the defendant's inability to remember the events of the shooting and therefore to assist his attorney in his defense was decided adversely to the defendant by a jury. Thereafter, the trial jury rejected his plea of insanity at the time of the offense and convicted him of his wife's murder.

1. In his first enumeration of error, the defendant asserts error by the committing court in limiting his cross-examination of Sheriff Higgs during the committal hearing. The defendant has been found guilty by a jury and the grant of a new trial before a different jury would not cure the error alleged. Following conviction, alleged errors as to the admission or exclusion of evidence at the committal hearing become moot. Thus, this enumeration shows no ground for reversal.

2. The defendant next alleges error in failing to grant his motion for funds for the independent psychiatric assistance he claims was necessary to sustain his special plea of insanity. The defendant was examined at the state's request by the medical director of the Forensic Services Division of Central State Hospital in Milledgeville in October, 1981. At that time he was found to be "aware of the charges against him and the possible consequences. He can communicate with his attorney in a rational manner in the formulation of his defense. . . . Although [the defendant] denies recollection of the particular events of the alleged crime, it should be noted that after a brain trauma this is not unusual and he will probably show improvement over the next twelve to eighteen months."

Loss of memory as to the time of the offense, whether real or feigned, does not amount to insanity at the time of trial.

Additionally, the neurosurgeon and the psychiatrist who treated the defendant after he shot himself were independent experts available to the defense. They appeared at the hearing on his special plea of insanity, where they were questioned extensively by the

defense. In light of these facts, we find no abuse of discretion in denying the defendant's motion for funds for independent psychiatric evaluation. *Messer v. State,* 247 Ga. 316, 319 (276 SE2d 15) (1981).

3. The remaining enumerations of error regarding the defendant's requests to charge are without merit.

*Judgment affirmed. All the Justices concur.*

DECIDED FEBRUARY 3, 1983.

*William T. Straughan,* for appellant.

*James L. Wiggins, District Attorney, Michael J. Bowers, Attorney General,* for appellee.

